UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____
|
JEREMY S. LOUCKS,                        |   Case No. 1:07-cv-492
|
    Plaintiff,                           |   HONORABLE PAUL MALONEY
|
v.                                       |
|
FIELDSTONE MORTGAGE COMPANY,             |
|
    Defendant.                           |
|
_____

### Order Denying Without Prejudice the Plaintiff's Motion for Summary Judgment

Plaintiff Jeremy S. Loucks ("Loucks") is proceeding *pro se* in this matter. On May 22, 2007, Loucks filed the complaint, claiming that defendant Fieldstone Mortgage Company ("Fieldstone") failed to comply with the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq.* ("RESPA"). Fieldstone timely filed an answer on June 12. Loucks moved for summary judgment on August 10, and Fieldstone filed an opposition brief on September 12. Loucks has not filed a reply brief in support of his summary-judgment motion.

Loucks' motion for summary judgment consists of one page, with no supporting brief or citation to case law, which merely asks the court to compel Fieldstone to answer the questions that Loucks posed with regard to his mortgage loan, to pay $1,000 for a pattern of noncompliance under 12 U.S.C. § 2605(f)(1), and to pay $5,000 in punitive damages and $350 in court costs.

The court finds that Loucks' motion fails to comply with Federal Rule of Civil Procedure ("FED. R. CIV. P.") 56 and Western District of Michigan Local Civil Rule ("W.D. MICH. L. CIV. R.")

7.1 because it does not identify any allegedly undisputed facts, is not supported by a brief, and does not cite any case law or other legal authority for imposition of the damages and costs sought. As the moving party, Loucks bore the initial burden of informing the court of the basis for his motion and identifying those portions of the record that establish the absence of a genuine issue of material fact. *Mining Machinery, Inc. v. Copley*, 145 F. App'x 149, 152 (6th Cir. 2005) (citing *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002)).

This court "has no duty to search the entire record to establish that it is bereft of any genuine issue of material fact," *Mining Machinery*, 145 F. App'x at 152 (citing *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001)), and it declines to do so. "'It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving a court to . . . put flesh on its bones.'" *Meridia Prods. Liab. Lit. v. Abbott Labs.*, 447 F.3d 861, 868 (6th Cir. 2006) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). Loucks' "failure to develop a legal argument in support of [his] position is a sufficient basis to deny [his] motion . . . ." *Buchanan v. Green Meadow Vill., LLC*, No. 1:04-cv-436, 2006 WL 2583268, at *5 (W.D. Mich. Sept. 7, 2006) (Quist, J., adopting R&R by Brenneman, M.J.).

The court intimates no opinion, however, on the merits of plaintiff's motion or of Fieldstone's contentions that there was no pattern of noncompliance with RESPA and that punitive damages are not available under RESPA.

Accordingly, plaintiff Loucks' motion for summary judgment [docket #13] is **DENIED**[1]

---

[1] *See, e.g., Dibble v. US*, No. 1:05-cv-201, 2006 WL 1851240, at *3 (W.D. Mich. June 30, 2006) (Enslen, J.) ("As for Plaintiffs' Motion for Summary Judgment, Plaintiffs have not satisfied their burden under Federal Rule of Civil Procedure 56. Plaintiffs have made only conclusory allegations, superficially cited legal authority, and otherwise utterly failed to show that they are entitled to judgment as a matter of law. Accordingly, the court will deny Plaintiffs' motion for

**without prejudice**.[2]

After the discovery deadline has passed, plaintiff **MAY** file a summary-judgment motion and brief that comply with the Federal Rules of Civil Procedure and this district's Local Civil Rules.

This is <u>not</u> a final and appealable order. *American & Foreign Ins. Co., Inc. v. Sequatchie Concrete Servs., Inc.*, 441 F.3d 341, 344 (6th Cir. 2006) ("The denial of summary judgment is ordinarily considered an interlocutory order and thus not appealable.") (citing *Phelps v. Coy*, 286 F.3d 295, 298 (6th Cir. 2002)).

**IT IS SO ORDERED this 25th day of September 2007.**

/s/ Paul L. Maloney
_____
Honorable Paul L. Maloney
United States District Judge

---

summary judgment.");

*Wood v. Palmer*, No. 1:04-cv-346, 2005 WL 2487948, at *10 (W.D. Mich. Oct. 7, 2005) (Brenneman, M.J.) ("Plaintiffs . . . have provided the court with nothing more than conclusory assertions to support their position. * * * Accordingly, plaintiffs' counter-motion for summary judgment as to defendant Lawson will be denied.").

[2] *See, e.g., Beedle v. Demasi*, No. 05-70430, 2006 WL 2457619, at *2 (E.D. Mich. Aug. 27, 2006) (Tarnow, J., adopting R&R of Morgan, M.J.) (denying *without prejudice* the defendants' motion for summary judgment, noting, "[D]efendants have . . . presented their arguments in the most skeletal way, apparently hoping that the court might embrace one or more of those arguments and then perform the necessary analysis. Defendants' brief in this matter is wholly insufficient to place the arguments . . . squarely before the court for adjudication. * * * The court would prefer to have full briefing from both sides before addressing theses issues.").